United States Courts
Southern District of Texas
ENTERED

FEB 2 2 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:
    MICHAEL PORTER HICKS and CAROLYN SUE HICKS      CASE NO. 01-31223-H4-13
    1156 BRAZOS TEN LANE
    SEALY TX
                77474-0000
    a/k/a                                   DATE: 02/08/02
        Debtor(s)
    SSN(1)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 SSN(2)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
--------------------------------------------------------------------
      ORDER CONFIRMING THE DEBTOR'S PLAN AND RELATED ORDERS
--------------------------------------------------------------------

      After notice and a hearing, wherein the Court considered the matters on file herein, including the Summary and Analysis of Chapter 13 Plan, the recommendation of the Chapter 13 Trustee, and any objections to confirmation of the Plan, the Court finds that the Plan meets the requirements of 11 U.S.C., Sec. 1325(a), and should be confirmed.

    IT IS ORDERED THAT:

    1. The Debtor's Plan is confirmed.

    2. The Debtor shall pay the sum of $ 838.00 per month to William E. Heitkamp, Trustee, payable in Houston, Harris County, Texas, on the 08th day of each month, beginning the 08th day of March , 2001, for a period of 36 months, or for a longer term if necessary to insure that all of the allowed claims provided for under the plan have been paid in accordance with the terms of the Plan, as modified by the terms of this order or other subsequent court order.

    3. The Trustee shall make disbursements pursuant to provisions of the Plan as modified by this order, and Sec. 1326 of the Bankruptcy Code. The Trustee shall make disbursements monthly, unless otherwise provided by the Plan, but shall not be required to pay any dividend in an amount less than $15.00. Dividends not distributed because of this provision shall accumulate, and be paid when such accumulation aggregates $15.00 or more.

    4. The debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

    5. The order of payment, unless otherwise directed, shall be:

        a. The percentage fee fixed for the Trustee pursuant to 28 U.S.C. Sec. 586(e);

        b. Any unpaid claim of the kind specified in Section 507(a) of Title 11 U.S.C.;



    c.  Creditors whose claims are timely filed and allowed in such order of preference as may be provided by the Plan.

6. The following secured creditors are known to the Court at this time and are provided for as follows:

| Name of Creditor | Claim or Sched. Amt. | Value of Collateral | Interest Rate | Monthly Payment |
|--------|------------|------------|--------|--------|
| NONE | | | | |

    The following secured creditors are dealt with pursuant to 11 U.S.C. Sec. 1325(a)(5)(C):

| Name of Creditor | Claim Amt or Sch. Amt | Value of Collateral | Creditor Comment |
|--------|------------|------------|--------|
| NONE | | | |

    The Debtor abandons all interest in the collateral securing the claim and will surrender possession thereof upon confirmation of the Plan.

7. This order may be entered prior to the expiration of the time within which claims may be filed. This order shall establish conclusive findings as to the value of a creditor's interest in the estate's interest in property securing a creditor's claim and shall be reviewable on such issue only upon a showing that the party seeking review had no reasonable notice of the valuation or the confirmation hearing. Except where limited by a determination of the value of the creditor's interest in the estate's interest in the collateral securing a claim, contained in this order, or a subsequent court order, the amount of a secured claim shall be determined pursuant to 11 U.S.C. Sec. 502.

8. In the event a claim is timely filed, and its treatment is not specifically addressed in either the plan or this order, the Trustee may either seek a modification of the plan, pay the claim, if doing so will not unfairly prejudice other creditors, or may seek a dismissal of the case if knowledge of the existence of the claim would have prevented the Trustee from recommending confirmation of the Plan at the time of the confirmation hearing.

9. The following special conditions apply to the Plan:

VARIABLE PLAN PAYMENTS SHALL BE MADE AS FOLLOWS:
MONTHS 1-7: $736.00     MONTHS 8-36: $838.00

THE DEBTOR(S) SHALL BE REQUIRED TO SEND THE TRUSTEE A TRUE AND CORRECT COPY OF THEIR FEDERAL INCOME TAX RETURN(S) FOR THE CALENDAR YEAR(S) 2001, 2002 & 2003 WITHIN THIRTY(30) DAYS FROM THE DUE DATE OF THE RETURN. THE TRUSTEE MAY SEEK MODIFICATION OF THE PLAN PURSUANT TO 11 U.S.C., SECTION 1329 IN THE EVENT OF A SUBSTANTIAL INCREASE IN THE DEBTOR'S INCOME.

CONFIRMATION OF THE DEBTORS PLAN SHALL BE SUBJECT TO THE PROVISIONS CONTAINED IN THE ORDER FOR AGREED TERMS AND FOR DEBTORS TO AMEND CHAPTER 13 PLAN WITH SPECIAL TERMS AND CONDITIONS FOR RESOLVING PENDING CREDITOR MOTIONS AND OBJECTIONS TO CHAPTER 13 CASE ENTERED WITH THE COURT DECEMBER 7, 2001, AND FURTHER CITED IN THE DEBTORS' THIRD AMENDED PLAN FILED ON OR ABOUT NOVEMBER 29, 2001. (COPIES ATTACHED HERETO AS EXHIBITS "A" AND "B" RESPECTIVELY).

CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN SHALL NOT BE CONSTRUED AS APPROVAL OF THE FEES CHARGED BY THE DEBTOR'S ATTORNEY.

10. Each secured creditor described herein shall retain the lien existing prior to the commencement of the case to secure payment of the allowed amount of its secured claim.

Signed this ___15th___ day of ___feb___, 2002

_U.S. BANKRUPTCY JUDGE_

APPROVED:

WILLIAM E. HEITKAMP , TRUSTEE
ADMISSIONS ID NO. 3857
9821 KATY FREEWAY, SUITE 590
HOUSTON TX 77024

(713) 722-1220



C:\OFFICE\DOCS\1128JF01/TAYLOR

DEC 11 2001



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 07 2001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-31223-H4-13 |
| | § | |
| MICHAEL PORTER HICKS, SR. | § | CHAPTER 13 PROCEEDING |
| and CAROLYN SUE HICKS, | § | |
| 105 Bartlett Road | § | |
| Sealy, Texas 77474 | § | |
| Debtors. | § | |

## ORDER FOR AGREED TERMS AND FOR DEBTORS TO AMEND CHAPTER 13 PLAN WITH SPECIAL TERMS AND CONDITIONS FOR RESOLVING PENDING CREDITOR MOTIONS AND OBJECTIONS TO CHAPTER 13 CASE

Came on for consideration on September 24, 2001, Michael Porter Hicks, Sr., and Carolyn Sue Hicks ("Debtors") Motion for Confirmation of their Second Amended Chapter Thirteen Plan (the "Plan"), and Objections to Confirmation filed by Katherine Taylor, Individually and as Next Friend for Charles Taylor, NCM ("Movants"), along with Objections to Debtors' Claimed Exemptions and Motion to Dismiss Chapter 13 or Convert to Chapter 7. Debtors and Movants referred to collectively herein as the "Parties".

The Court having been informed the parties have reached this agreement concerning continuation of this Chapter 13 case to confirmation and that the Court is requested to provide an order in which the Chapter 13 Debtors shall amend and provide the following special terms and conditions for any Chapter 13 Plan to be considered by this Court and the Chapter 13 Debtors with notice and agreement of the creditor, Katherine Taylor, Individually and as Next Friend for Charles Taylor, NCM, in a form and according to terms which are described herein and after notice to all creditors and agreement of the Chapter 13 Trustee do submit the following special terms and conditions for a Chapter 13 plan which includes the absolute assignment of claims and proceeds to provide additional payments to increase the payments or property consideration

ORDER FOR AGREED TERMS AND FOR DEBTORS TO AMEND
CHAPTER 13 PLAN WITH SPECIAL TERMS AND CONDITIONS FOR
RESOLVING PENDING CREDITOR MOTIONS AND OBJECTIONS TO CHAPTER 13 CASE          Page 1

EXHIBIT "A"

C:\OFFICE\DOCS\1128JF01/TAYLOR

available to creditors and to cure disposable income and bad faith objections made by creditor Katherine Taylor through her bankruptcy attorney, it is therefore ORDERED:

1.    Debtors' Third Amended Chapter Thirteen Plan shall provided no less than thirty-six monthly payments for gross payment of $29,454.00 to the Chapter 13 Trustee, William Heitkamp.

2.    Debtors' Third Amended Chapter Thirteen Plan shall provide for the following Special Terms and Conditions included therein by this Order to be attached to the filed Amended Plan and noticed to all creditors:

a.    All claims and rights, whether tort or contract, all remedies of any kind, all causes of action, damages, including but not limited to consumer protection claims, deceptive trade practice claims, insurance code or claim violations, breach of contract, breach of any duty, failure to pay damage claim in full, claims of negligence, negligent misrepresentation, fraud, fraudulent misrepresentation, conflict of interest, insurance bad faith, fiduciary bad faith, fiduciary duty violation of any kind held or to be held against any liable person or entity whether perpetrated upon, resulting to, or incurred by Michael Porter Hicks, Sr., and/or Carolyn Sue Hicks, and/or American Fabritech, Inc., and./or LMS Rentals, Inc., its agents, servants, and employees, for losses as well as any and all liabilities related in any way or by any legal or factual circumstance or source to that certain personal injury of Charles Taylor, whether awarded, settled or appealed arising from or related to the damages suffered or claims made by Catherine Taylor Individually and as Next Friend for Charles Taylor,



C:\OFFICE\DOCS\1128JF01/TAYLOR

NCM, pending in Austin County, Texas, ARE TRANSFERRED, CONVEYED and ASSIGNED to the Chapter 13 Trustee, William Heitkamp, Case No. 01-31223-H4-13, for the benefit of providing an additional source of payments for actual payment to unsecured nontax creditors in the debt relief case of Michael Porter Hicks, Sr., Carolyn Sue Hicks, their agents, servants and employees, including, but not limited to, the claim made by Catherine Taylor Individually and as Next Friend for Charles Taylor, NCM, filed in Austin County, Texas, Cause No. 97V-100, 155th Judicial District Court.

b. The Chapter 13 Debtors, Michael Porter Hicks, Sr. and Carolyn Sue Hicks, agree and shall pursuant to this Order timely cooperate with the Trustee or any agent or assignee of the Trustee for the Trustee or his assignee to execute instruments so that the Trustee or his assignee is able to receive and be provided information, testimony, documentation and such rights as may exist for establishing liability and determining damages for the claims assigned, the proof of liability and any damages as well as the basis for legal recovery, legal documentation and evidentiary proof necessary for obtaining legal recovery of money whether by preparation of a documented claim, mediation, private arbitration, settlement or a trial. Further, Michael Porter Hicks, Sr., LMS Rentals, Inc., American Fabritech, Inc. together with Carolyn Sue Hicks further irrevocably and absolutely make such assignment of claims and rights to the Chapter 13 Trustee, William Heitkamp for the Trustee or his assignee to receive all

documentation, information and testimony from Michael Porter Hicks, Sr., individually and/or as the agent or officer of LMS Rentals, Inc. and American Fabritech, Inc. Failure to cooperate to provide information, execute instruments of assignment, designation or in discovery for documentation, evidence or rights shall be grounds for objection to a final Chapter 13 or Chapter 7 discharge and the failure to obey this Order.

c. The Chapter 13 Trustee, William Heitkamp, as the result of the factual claims assigned and any relationship of those claims to the personal injury civil suit pending in 155th Judicial District Court, Austin County, Texas, Case No. 97V-100, is authorized to assign these claims to any persons or entity he deems advisable to pursue collection and recovery for claims and/or damages which become due to each of the assignors.

d. In the event Michael Porter Hicks, Sr. and/or Carolyn Sue Hicks sell, option, assign, transfer, convey, pledge or borrow upon any of the 62.53606 acres of land described as their Austin County, Texas homestead in Chapter 13 Case No. 01-31223-H4-13, within four years from the February 6, 2001 filing date of Chapter 13 Case No. 01-31223-H4-13 on or before February 6, 2005, then 40% of the net proceeds from such sale, assignment, option, transfer, pledge, conveyance or borrowing shall be paid at closing or funding in the event of a loan to William Heitkamp, Chapter 13 Trustee, for the benefit of Plan creditors including Katherine Taylor, et al. scheduled and/or described as allowed claims for the Chapter 13 Plan.



e.  The claim filed by Katherine Taylor, Individually and as Next Friend for Charles Taylor, NCM, is allowed for the purpose of plan administration as a contingent claim subject to amendment by the claimant or estimation by the Court following the trial now set for February 2002, *Taylor v. Hicks, et al* in Austin County, Texas.

f.  The claim for unpaid wages up to the amount of $31,000.00 scheduled as due from LMS Rentals, Inc. and/or American Fabritech, Inc. is transferred from Michael Porter Hicks, Sr. to William Heitkamp, Chapter 13 Trustee, to be collected from LMS Rentals, Inc. and/or American Fabritech, Inc. for earned but unpaid wages judicially admitted by Michael Porter Hicks, Sr., Carolyn Sue Hicks, American Fabritech, Inc. and LMS Rentals, Inc. by Michael Porter Hicks, Sr., President of LMS Rentals, Inc. and American Fabritech, Inc., each, as undisputed and due to Michael Porter Hicks, Sr., individually, in an amount up to $31,000.00 based on Debtors' First Amended Corrected Schedule "B", such payments when collected and if paid or recovered on or before February 6, 2005 are to be made available for the Debtors' Chapter 13 Plan including payment of administrative costs and any attorney fee claims authorized by the Court through the Trustee.

g.  The 36-month term of the Plan is extended for the benefit of creditors for a period as long as 60 months; however, the Debtors' monthly payments from current income is limited to 36 months for no less than $29,454.00.



C:\OFFICE\DOCS\1128JF01/TAYLOR

h.    The documentation for earned but unpaid wages in the amount of $31,000.00 shall be provided to the Chapter 13 Trustee and acknowledged by LMS Rentals, Inc. and/or American Fabritech Inc. in writing by year of earning the income within ten working days of this Order and prior to Plan confirmation.

i.    All claims relating to personal injuries, additional damage claims as to Michael Porter Hicks, Sr., Carolyn Sue Hicks, LMS Rentals, Inc., American Fabritech, Inc., as well as any other claims related to the injuries suffered by Charles Taylor may proceed in Austin County, Case No. 97V-100 in the 155th Judicial District Court or such other court of competent jurisdiction and the 11 U.S.C. § 362 stay shall be modified in accordance with this Court's prior stay termination order.

j.    the Chapter 13 Debtors are authorized and ordered to execute such additional instruments and assignment documents when requested by the assignee or his attorney or agents and each is ordered to turnover to William Heitkamp, Chapter 13 Trustee, such assignment of claims, documentation of wage claims and all other documents and matters related to the claims assigned to Chapter 13 Trustee William Heitkamp without the necessity of further legal enforcement, civil discovery or formal document production request.

k.    This Assignment is intended by each assignor to permit Trustee Heitkamp or his assignee and agents to prosecute against any liable person or entity as assignee in each assignor's own name and on behalf of any corporation,

C:\OFFICE\DOCS\1128JF01/TAYLOR



company or entity in which assignor has financial interest, including, but not limited to, LMS Rentals, Inc. and American Fabritech, Inc. Pursuant to this assignment, Trustee Heitkamp and his assignees or agents are authorized by this Court to bring suit for claims and claims collection against any individuals, companies, employees or any other person, entity or company that may be liable to the assignors. Pursuant to this Order and the claim assignment, the Trustee may bring suit in the name of each of the assignors or in his own name as trustee to recover the money or property recoverable for any and all claims assigned.

3. The assignment of claims and rights including proceeds of a sale, option, pledge or conveyance of 62.53606 acres of land described as an exempt homestead for a period of four years from the date of filing Chapter 13 protection for the benefit of payment of filed creditor claims is provided as a condition of Plan confirmation to meet the good faith and disposable income requirements of Chapter 13 and shall not revert to Debtors in the event this Chapter 13 case is confirmed or dismissed at some later date or for any reason converted to Chapter 7 after the date of this Order.

4. Upon submission and notice of a Plan containing the above-described special terms and conditions, the pending motion to dismiss and/or convert, the prior objection to plan confirmation and objections to claim of exemptions, motion to dismiss or convert Chapter 13 case is authorized withdrawn by Katherine Taylor, Individually and as Next Friend for Charles Taylor, NCM, and such Amended Plan as is noticed to creditors and contains the terms and conditions described in this Order shall be considered by the Court for confirmation in accordance with Chapter 13 of the Bankruptcy Code.

C:\OFFICE\DOCS\1128JF01/TAYLOR

SIGNED the 5th day of Dec _____, 2001.

_____
UNITED STATES BANKRUPTCY JUDGE

jb 11-28-01

ORDER FOR AGREED TERMS AND FOR DEBTORS TO AMEND
CHAPTER 13 PLAN WITH SPECIAL TERMS AND CONDITIONS FOR
RESOLVING PENDING CREDITOR MOTIONS AND OBJECTIONS TO CHAPTER 13 CASE          Page 8



C:\OFFICE\DOCS\1128\F01/TAYLOR

APPROVED AS TO FORM AND SUBSTANCE.

KATHERINE TAYLOR, Individually
and as Next Friend for Charles Taylor, NCM,
Movants


By: _Jamescflertogo_____
JAMES CHARLES FOGO
122 Tuam
Houston, Texas 77006
713-807-7744
Fax 713-807-0030
State Bar No. 07207520
Fed. Adm. I.D. No. 4187
Attorney for Katherine Taylor, Individually
and as Next Friend for Charles Taylor, NCM


C:\OFFICE\DOCS\1128IF01/TAYLOR

MICHAEL PORTER HICKS, SR. and
CAROLYN SUE HICKS, Debtors and as
Authorized Agents for American Fabritech, Inc.,
LMS Rentals, Inc., Texas Corporations

By: *George O. Mejlaender*
GEORGE O. MEJLAENDER
P.O. Box 801261
Houston, Texas 77280-1261
713-465-3007
Fax 713-465-4643
State Bar No. 2404814
Attorney for Debtors

FROM : TUCKER,CLENNAN&MEJLAENDER,PLLC   FAX NO. : 7134654643            Nov. 28 2001 02:10PM  P13

C:\OFFICE\DOCS\1106\F03TAYLOR

_Carolyn Sue Hicks_
CAROLYN SUE HICKS

C:\OFFICE\DOCS\1106JF03TAYLOR

_Michael P. Hicks sr._

MICHAEL PORTER HICKS, SR. and as
Authorized Agent to Bind
American Fabritech, Inc. and LMS Rentals,
Inc. to the Assignment of Claims.

William E. Heitkamp    01-31223 60 tr
9821 Katy Freeway, #590
Houston, TX  77024

--------------------

01-31223 #60
12 page(s).
12/08/01

--------------------

Control:      CV-INS_image5-57494

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL PORTER HICKS and | § | CASE NO. 01-31223-H4-13 |
| CAROLYN SUE HICKS, | § | Chapter 13 |
| Debtors | § | |

## THIRD AMENDED CHAPTER 13 PLAN

The undersigned Chapter 13 Debtors hereby propose the following third amended Chapter 13 Plan pursuant to 11 U.S.C. Sec. 1321, which is intended to wholly replace all previously proposed plans:

**1. Payments.** The Debtors hereby submit all or such portion of their earnings or other future income to the supervision and control of the Chapter 13 Trustee as is necessary for the execution of the plan. The submission of income shall be accomplished by making monthly payments to the Trustee in amounts equal to all of the projected disposable income of the debtor, as defined in 11 U.S.C. Sec 1325(b). Debtors' First Amended Schedules I, and J, contain their good faith estimate of the current amount of available projected disposable income for purposes of this requirement. Significant changes in the Debtors' financial condition during the first three years of the Plan may provide cause for the Trustee or an unsecured creditor to seek a modification of the plan pursuant to 11 U.S.C. Sec 1329. The amount, frequency, and duration of the payments, is as follows:

7 monthly payments of $736, and 29 monthly payments of $838

The initial monthly payment of $736 was made to the Trustee on or about March 1, 2001, which was within 45 days after the case was filed, and regular monthly payments of $736 have been made to the Trustee since that time until September 1, 2001, when monthly payments of $838 began being paid to the Trustee, until beginning payments in accordance with this Plan.

**2. Administrative Claim.** An administrative claim is owed to George O. Mejlænder, Debtors' attorney of record, and the Trustee is hereby authorized to pay in full the administrative claim as outlined in paragraph A of Exhibit "A" until fully paid in the amount shown, which amount is hereby approved by the Court.

**3. Priority Unsecured Claim.** A priority unsecured claim is owed to the Internal Revenue Service of the United States of America for Debtors' year 2000 personal income taxes. From payments made by the Debtors to the Trustee, the Trustee shall

*EXHIBIT "B"*

1

pay in full this priority unsecured claim, and all other claims entitled to priority pursuant to 11 U.S.C. Sec 507, including, but not limited to the fee prescribed by the United States Trustee pursuant to 28 U.S.C. Sec. 586. Unless otherwise specified in paragraph C of Exhibit "A", funds shall be distributed pro rata to priority unsecured creditors after distributions made to the administrative claimant as specified in paragraph A of Exhibit "A".

   **4. Secured Claims.** The only secured claimant, First National Bank of Eagle Lake, is hereby designated to be in a class by itself, and Debtors obligate themselves to continue making payments directly to this secured claimant in accordance with the Agreed Order approved by the court and any related loan documents. This separate classification is based upon the uniqueness of the collateral securing each claim and the contractual or statutory remedies available to the secured creditor under non-bankruptcy law. Subject to disposition of a timely filed motion to avoid a lien under 11 U.S.C. Sec. 522, or a complaint to determine the validity of a lien filed under Bankruptcy Rule 701, each secured creditor shall retain the lien securing it's claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only to 11 U.S.C. Sec. 362.

   All secured claims will be dealt with in accordance with the provisions of 11 U.S.C. 1325(a), or 1322(b)(5). Paragraph B of Exhibit "A" attached hereto sets forth the specific terms of the Plan's proposed treatment of each claim. Exhibit "A" has been prepared and filed prior to the expiration of the last day for the plan's proposed treatment of each claim. Debtors' original Plan was prepared and filed prior to the expiration of the last day for filing claims, and in the space where the amount of a creditor's claim is indicated, the amount is the actual amount due each month in accordance with the Agreed Order and related loan documents (entered into) between the Debtors and the Secured Creditor, which Agreed Order has been approved by the Court. It will not be necessary for a creditor to object to confirmation of a plan if the amount set forth in Exhibit "A" differs from the amount the creditor believes is owed. The amount of a creditor's claim, subject to limitation of the claim's secured status by the Plan, or other order of the Court, is governed by 11 U.S.C. Sec. 502. *Creditors are advised that where the plan proposes to modify a secured claim pursuant to 11 U.S.C. Sec. 1325(a)(5), Exhibit "A" contains the Debtors' proposed valuation of the collateral securing the claim, the Interest rate, and the Duration of the proposed payment. Confirmation of the plan will constitute a finding on these three issues and secured status of the creditor's claim will be determined at the hearing on confirmation pursuant to 11 U.S.C. Sec. 506(a), 1322(b)(2), and Bankruptcy Rule 3012. If you disagree with the proposed value of the collateral, the interest rate, or the length of the "payout", you must object to confirmation of the Plan, and be prepared to litigate these issues at the confirmation hearing.*

   **5. General Unsecured Claims.** Unsecured creditors not entitled to priority shall comprise a single class of creditors, and those whose claims are allowed shall be paid a pro rata share of the monthly payments made by the Debtors after payment of all

administrative and priority unsecured claims as outlined above.  Paragraph D of Exhibit "A" contains a calculation of the estimated dividend to the general unsecured creditors. The percentage amount shown is an estimate only, based on the assumption that all creditors will file claims, that the total claims will be equal (in amount) to the amounts shown on the Exhibit "A", and the Debtors will timely pay all payments due under this Plan.  The actual amount of the dividend to unsecured creditors may be significantly different from the amount shown, but in no case will the amount be less than what the unsecured creditors could expect to receive in the event Debtors' estate were liquidated under Chapter 7, Title 11, U.S. Code.  The failure of a creditor to file a claim shall not relieve the Debtors from the obligation of making the required payments under this Plan, unless such failure results in there being funds contributed in excess of the amount necessary to pay all allowed claims in full.

6.  **General.**  This plan shall be effective as of the date of commencement of the case, or the date the case was converted to Chapter 13 from another chapter of Title 11.  The undersigned Debtors agree to make the periodic payments to the Trustee in accordance with paragraph 1.  In the event of a conflict between the amount of a claim, the amount on the proof of claim shall be controlling, unless the Court orders otherwise pursuant to a claim objection.  Where the status of a claim as a secured claim may be limited to the value of the creditor's interest in the estate's interest in the collateral securing the claim shall be conclusively established by the order confirming the Chapter 13 Plan.  Creditors who disagree with the values expressed in the Plan or collateral, securing a claim must object to confirmation of this plan or the objection will be deemed to have been waived, and the value established as set forth in this Plan.

The payment of claims shall be in the order of priority expressed herein, however, in the event Debtors do not make all payments to the Trustee in a timely manner, the Trustee may alter the amounts distributed to creditors in order to provide adequate protection to a secured creditor, or to equalize the impact of the Debtors' default upon the creditors affected.

7.  **Special Terms and Conditions.**   The following Special Terms and Conditions shall apply to the Debtors and their estate as follows:

a.  Debtors hereby assign to William Heitkamp, Chapter 13 Trustee, any and all claims and rights, whether in tort or contract, all remedies of any kind, all causes of action, damages, including but not limited to consumer protection claims, deceptive trade practice claims, insurance code or claim violations, breach of contract, breach of any duty, failure to pay damage claim in full, claims of negligent misrepresentation, fraud, fraudulent misrepresentation, conflict of interest, insurance bad faith, fiduciary bad faith, fiduciary duty violation of any kind held or to be held against any liable person or entity whether perpetrated upon, resulting to, or incurred by Michael Porter Hicks, Sr., and /or Carolyn Sue Hicks, and /or American Fabritech, Inc., and/or LMS Rentals, Inc., its agents, servants, and employees, for losses as well as any and all liabilities related in any way or by a legal or factual circumstance or

3

source to that certain personal injury of Charles Taylor, whether awarded, settled or appealed, arising from or related to the damages suffered or claims made by Catherine Taylor Individually and as Next Friend for Charles Taylor, NCM, pending in Austin County, Texas, ARE HEREBY TRANSFERRED, CONVEYED and ASSIGNED to the Chapter 13 Trustee, William Heitkamp, Case No. 01-31223-H4-13, for the benefit of providing an additional source of payments for actual payment to unsecured non-tax creditors in the debt relief case of Michael Porter Hicks, Sr. and Carolyn Sue Hicks, their agents, servants and employees, including, but not limited to, the claim made by Catherine Taylor Individually and as Next Friend for Charles Taylor, NCM, filed in Austin County, Texas, under Cause No. 97V-100, 155th Judicial District Court.

b. The Chapter 13 Debtors, Michael Porter Hicks, Sr. and Carolyn Sue Hicks, agree and shall timely cooperate with the Trustee or any agent or assignee of the Trustee for the Trustee or his assignee to execute instruments so that the Trustee or his assignee is able to receive and be provided information, testimony, documentation, and such rights as may exist for establishing liability and determining damages for the claims assigned, the proof of liability and any damages as well as the basis for legal recovery, legal documentation and evidentiary proof necessary for obtaining legal recovery of money whether by preparation of a documented claim, mediation, private arbitration, settlement or a trial. Further, Michael Porter Hicks, Sr., LMS Rentals, Inc., American Fabritech, Inc., together with Carolyn Sue Hicks further irrevocably and absolutely make such assignment of claims and rights to the Chapter 13 Trustee, William Heitkamp, for the Trustee or his assignee to receive all documentation, information and testimony from Michael Porter Hicks, Sr., individually and/or as the agent or officer of LMS Rentals, Inc. and American Fabritech., Inc. Failure to cooperate to provide non-privileged information, execute instruments of assignment, designation or in discovery for documentation, evidence or rights shall be grounds for objection to a final Chapter 13 or Chapter 7 discharge and the failure to obey this Order.

c. The Chapter 13 Trustee, William Heitkamp, as the result of the factual claims assigned and any relationship of those claims to the personal injury civil suit pending in 155th Judicial District Court, Austin County, Texas, Case No. 97V-100, is authorized to assign these claims to any persons or entity he deems advisable to pursue collection and recovery for claims and/or damages which become due to each of the assignors.

d. In the event Michael Porter Hicks, Sr. and./or Carolyn Sue Hicks sell, option, assign, transfer, convey, pledge or borrow upon any of the 62.53606 acres of land described as their Austin County, Texas homestead in the Chapter 13 Case No. 01-31223-H4-13, before February 6, 2005, then 40% of the net proceeds from such sale assignment, option, transfer, pledge, conveyance or borrowing shall be paid at closing or funding in the event of a loan to William Heitkamp, Chapter 13 Trustee, for the benefit of the Plan creditors including Katherine Taylor, et al, scheduled and/or described as allowed claims for the Chapter 13 Plan.

e. The claim filed by Katherine Taylor, Individually and as Next Friend for Charles Taylor, NCM, is allowed for the purpose of Plan administration as a contingent, unliquidated claim, subject to amendment by the claimant or estimation by the Court following the trial now set for February 2002, *Taylor v. Hicks, et al* in Austin County, Texas.

f. The claim for unpaid wages up to the amount of $31,000.00 scheduled as due from LMS Rental, Inc. and/or American Fabritech, Inc., is transferred from Michael Porter Hicks, to William Heitkamp, Chapter 13 Trustee, to be collected from LMS Rentals, Inc., and/or American Fabritech, Inc., for earned but unpaid wages judicially admitted by Michael Porter Hicks, Sr., Carolyn Sue Hicks, American Fabritech, Inc., and LMS Rentals, Inc. by Michael Porter Hicks, Sr., President of LMS Rentals, Inc. and American Fabritech, Inc., each, as undisputed and due to Michael Porter Hicks, Sr., individually, in an amount up to $31,000.00 based on Debtor's First Amended Corrected Schedule "B", such payments when collected and if paid or recovered on or before February 6, 2005 are to made available for the Debtors' chapter 13 Plan including payment of administrative costs and any attorney fee claims authorized by the Court through the Trustee.

g. The 36-month term of the Plan is extended for the benefit of creditors for the period as long as 60 months; however, the Debtors' monthly payments from current income is limited to 36 months for no less than $29,454.00.

h. The documentation for earned wages in the amount of $31,000.00 shall be provided to the Chapter 13 Trustee and acknowledged by LMS Rentals, Inc., and /or American Fabritech Inc. in writing by year of earning the income within ten working days of this Order and prior to Plan confirmation.

i. All claims relating to personal injuries, additional damage claims as to Michael Porter Hicks, Sr., Carolyn Sue Hicks, LMS Rentals, Inc., American Fabritech. Inc., as well as any other claims related to the injuries suffered by Charles Taylor may proceed in Austin County, Case No. 97V-100 in the 155th Judicial District court or such other court of competent jurisdiction and the 11 U.S.C § 362 stay shall be modified in accordance with this court's prior stay termination order.

j. The Chapter 13 Debtors are authorized and ordered to execute such additional instruments and assignment document when requested by the assignee or his attorney or agents and each is ordered to turnover to William Heitkamp, Chapter 13 Trustee, such assignment of claims, documentation of wage claims and all other claims and all other documents and matters related to the claims assigned to Chapter 13 Trustee William Heitkamp without the necessity of further legal enforcement, civil discovery or formal document production request.

k. This Assignment is intended by each assignor to permit Trustee Heitkamp or his assignee and agents to prosecute against any liable person or entity as assignee in each assignor's own name and on behalf of any corporation, company or entity in which assignor has financial interest, including, but not limited to, LMS Rentals, Inc. and American Fabritech, Inc. Pursuant to this assignment, Trustee Heitkamp and his assignees or agents are authorized

by this Court to bring suit for claims and claims collection against any individuals, companies, employees or any or other person, entity or company that may be liable to the assignors in relation to the personal injuries to Charles Taylor as outlined above. Pursuant to this Order and the claim assignment, the Trustee may bring suit in the name of each of the assignors or in his own name as Trustee to recover the money or property recoverable for any and all claims assigned.

4. The assignment of claims and rights including proceeds of a sale, option, pledge or conveyance of 62.53606 acres of land described as an exempt homestead for a period of four years from the date of filing Chapter 13 protection for the benefit of payment of filed creditor claims is provided as a condition of Plan confirmation to meet the good faith and disposable income requirements of Chapter 13 shall not revert to Debtors in the event this Chapter 13 case dismissed at some later date or for any reason converted to Chapter 7 after the date of this Order.

5. Upon submission and notice of a Plan containing the above-described Special Terms and Conditions, the pending motion to dismiss and/or convert, the prior objection to plan confirmation and objections, motion to dismiss or convert Chapter 13 case is authorized withdrawn by Katherine Taylor, Individually and as Next Friend for Charles Taylor, NCM, and such Amended Plan as is noticed to creditors and contains the terms and conditions described in this Order shall be considered by the court for confirmation in accordance with Chapter 13 of the Bankruptcy Code.

Dated: _27 Nov. 01_

_Michael P. Hicks_
**Michael Porter Hicks, Sr., Debtor**

_Carolyn Sue Hicks_
**Carolyn Sue Hicks, Debtor**

_George O. Mejlaender_
**George O. Mejlaender**, Attorney for Debtors
Post Office Box 801261
Houston, Texas 77280-1261
Telephone: (713) 465-3007
Facsimile: (713) 465-4643