C:\OFFICE\DOCS\101402JF/TAYLOR

United States Courts
Southern District of Texas
FILED

MAY 0 8 2003

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 01-31223-H4-13 |
| MICHAEL PORTER HICKS, SR. | § | |
| and CAROLYN SUE HICKS, | § | CHAPTER 13 PROCEEDING |
|    105 Bartlett Road | § | |
|    Sealy, Texas 77474 | § | |
| | § | |
| Debtors. | § | |

## CATHERINE TAYLOR INDIVIDUALLY AND AS NEXT FRIEND FOR CHARLES TAYLOR, NCM THIRD AMENDED CHAPTER 13 CLAIM

TO THE COURT:

Now comes Catherine Taylor individually and as next friend for Charles Taylor, NCM, to Amend the claim based on a final judgment for $28,699,753.18 as proof for the third amended claim filed July 9, 2001, amended July 29, 2001, October 29, 2002 and May 8, 2003 as attached.

                                                                Respectfully submitted,

                                                                */s/ James Charles Fogo*
                                                                 JAMES CHARLES FOGO
                                                                 State Bar No. 07207520
                                                                 Fed. Adm. I.D. No. 4187
                                                                122 Tuam
                                                                Houston, Texas 77006
                                                                713-807-7744
                                                                Fax 713-807-0030
                                                                Attorney for Claimants
                                                                Catherine Taylor individually and
                                                                As next friend of Charles Taylor, NCM

---

CATHERINE TAYLOR AND CHARLES TAYLOR THIRD AMENDED CHAPTER 13 CLAIM

FORM B10 (Official Form 10) (4/01)                               FORM B10 (Official Form 10) (9/97)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS | PROOF OF CLAIM |
|---|---|

| Name of Debtor **Michael Porter Hicks, Sr.**<br>**Carolyn Sue Hicks** | Case Number **01-31223-H4-13** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Catherine Taylor, individually and as next friend of and guardian for Charles Taylor, NCM | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | United States Courts<br>Southern District of Texas<br>FILED<br>MAY 0 8 2003<br>Michael N. Milby, Clerk |
|---|---|---|
| Name and address where notices should be sent:<br>James Charles Fogo<br>Attorney at Law<br>122 Tuam, 2nd Floor<br>Houston, Texas 77006<br>Telephone number: 713-807-7744 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>√ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Account or other number by which creditor identifies debtor:<br>No. 97V-100 Final Judgment<br>Austin County, Texas March 26, 2001 | Check here<br>☐ replaces<br>if this claim     a previously filed claim dated: July 5, 2001,<br>√ amends                July 29, 2001, October 29, 2002 | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- √ Personal injury/wrongful death
- ☐ Taxes
- √ Other Injury damages, medical, future medical, lost earnings determined by judgment.
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____
  Unpaid compensation for services performed
  From _____ to _____

**2. Date debt was incurred:**         **3. If court judgment, date obtained: 03-26-2002**

**4. Total Amount of Claim at Time Case Filed: $19,975,941.80 plus interest and cost stated in the judgment for total liquidated judgment amount of $28,699,753.10**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. Judgment claim liquidated by order of the court and final judgment

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other
Value of Collateral: To be determined

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units- 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attached copies supporting claim,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.
If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>5/5/03 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):James C. Fogo, Attorney for Catherine Taylor and Charles Taylor NCM  /s/ James C. Fogo |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

06/26/2002 13:26 FAX 417 782 8482   THE HERSHEWE LAW FIRM PC   @003
JUN-26-02 09:46 AM   HIPPARD LAW OFFICE   7138616566   P.02

No. 97V-100

| | | |
|---|---|---|
| CATHERINE TAYLOR, INDIVIDUALLY AND AS NEXT FRIEND OF CHARLES TAYLOR, NCM | § | IN THE DISTRICT COURT OF |
| VS | § | AUSTIN COUNTY, TEXAS |
| AMERICAN FABRITECH, INC., MIKE HICKS SR., AND LMS RENTALS, INC. | § | 155TH JUDICIAL DISTRICT |

# FINAL JUDGMENT

BE IT REMEMBERED that on the _25th_ day of _February_ 2002, this cause was called for trial on the merits. Plaintiff, CATHERINE TAYLOR, as guardian and next friend of her son CHARLES TAYLOR, a Non Compos Mentis, appeared in person and through her attorneys. Defendants, AMERICAN FABRITECH, INC., LMS RENTALS, INC., and MICHAEL P. HICKS, SR., appeared in person and through their attorneys and announced ready for trial. A twelve person jury was selected, empaneled, and sworn, and the trial of the case proceeded with the presentation of the testimony, evidence and stipulations. After all the parties had rested, and on the 7th day of March 2002, the court submitted the case to the jury on written questions, definitions and instructions. After having retired and deliberated, the jury returned its verdict in open court on the 7th day of March 2002, which verdict the court received and ordered it filed among the papers of this cause.

It appearing to the court that under the jury's verdict and the pleadings and stipulations of the parties, all of which are incorporated herein by reference, that plaintiff should recover judgment against the

defendants, jointly and severally, in the amount of Twenty Million, Four Hundred Thirteen Thousand, Four Hundred and Twenty-Eight and xx/100 Dollars ($20,413,428.00). It further appearing to the court that during the course of the trial and out of the presence and hearing of the jury, defendants made an offer of proof consisting of three (3) exhibits (Defendants' Exhibit 2, Defendants' Exhibit 3, and Defendants' Exhibit 4), the court became of the opinion that these three exhibits establish as a matter of law that defendants are entitled to an offset against the judgment in the amount of a total of $437,486.20. It further appearing to the court that during the course of the trial, during the cross-examination of plaintiff's expert witnesses Dr. Andrew and Dr. Winkler testimony was elicited about a possible lack of resources available to plaintiff, the court became of the opinion and finds, as a matter of law, that defendants are entitled to an offset against this judgment for all governmental benefits that plaintiff has received or might receive in the future on account of his injuries, but only to the extent that subrogation is not claimed for those benefits. It is accordingly

ORDERED, ADJUDGED and DECREED that plaintiff, CATHERINE TAYLOR, AS GUARDIAN and NEXT FRIEND OF CHARLES TAYLOR, NCM, do have and recover judgment of and from defendants, AMERICAN FABRITECH, INC., LMS RENTALS, INC., and MICHAEL P. HICKS, SR., jointly and severally, damages in the amount of Twenty Million, Four Hundred Thirteen Thousand, Four Hundred and Twenty-Eight and xx/100 Dollars ($20,413,428.00) *less* the offset set out above in the amount of $437,486.20 for payments made by to Charles Taylor or for his medical care pursuant to an employee benefit plan by defendants or Clarendon Insurance Company, for the total net amount of Nineteen Million, Nine Hundred Seventy-Five Thousand, Nine Hundred Forty-One and 80/100 Dollars ($19,975,941.80). It is further

ORDERED, ADJUDGED and DECREED that plaintiff, CATHERINE TAYLOR, AS

GUARDIAN and NEXT FRIEND OF CHARLES TAYLOR, NCM, do have and recover of and from defendants, AMERICAN FABRITECH, INC., LMS RENTALS, INC., and MICHAEL P. HICKS, SR., jointly and severally, pre-judgment interest at the rate of 10% per annum from November 14, 1997, the date suit was filed, until March 25, 2002, the day preceding the date of this judgment, for a total of Eight Million, Seven Hundred Twelve Thousand, Seven Hundred Ninety-Four and 34/100 Dollars ($8,712,794.34) in pre-judgment interest. It is further

ORDERED, ADJUDGED and DECREED that plaintiff, CATHERINE TAYLOR, AS GUARDIAN and NEXT FRIEND OF CHARLES TAYLOR, NCM, do have and recover of and from defendants, AMERICAN FABRITECH, INC., LMS RENTALS, INC., and MICHAEL P. HICKS, SR., jointly and severally, her court costs in the amount of $11,017.04. All costs incurred by defendants and any unpaid costs are taxed against defendants, jointly and severally. It is further

ORDERED, ADJUDGED and DECREED that this judgment, which with interest and court costs totals $28,699,753.18, shall bear interest at the rate of 10%, compounded annually from the date of this judgment, March 26, 2002, until paid. It is further

ORDERED, ADJUDGED and DECREED that defendants AMERICAN FABRITECH, INC., LMS RENTALS, INC., and MICHAEL P. HICKS, SR. be and they hereby are granted an additional joint and several offset or credit against this judgment for any governmental benefit that defendants demonstrate that CHARLES TAYLOR received before or after the rendition of this judgment; provided, that no offset or credit shall be given for any benefits for which a subrogation claim is made, by the government. [initialed]

All relief not specifically granted herein is denied. This judgment finally disposes of all parties and all claims and is appealable

VOL 62 PAGE 709

No. 97V-100 - Catherine Taylor anf Charles Taylor. vs. American Fabritech

Plaintiff announced that she excepts to those portions of this judgment that grant defendants an offset or credit for amounts allegedly paid pursuant to an alleged employee benefit plan and that grant an offset or credit for governmental benefits received by plaintiff in the past or which he may receive in the future, which exception the court duly noted.

The date of rendition of this judgment is March 26, 2002, except for purposes of determining post-judgment and appellate timetables, which shall commence on the date this judgment is signed.

SIGNED THIS 25 day of June 2002.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

LAW OFFICE OF ROBERT OBERHOLTZER
*A Professional Corporation*

DODGE, FAZIO, ANDERSON & JONES

Robert (Bob) Oberholtzer
Texas Bar #15161700
1100 Leeland Street, Suite 275
Houston, Texas 77002-7618
Telephone: 713-664-2011
Fax 713-861-6566
OF COUNSEL FOR PLAINTIFF

Jerry Fazio
Texas Bar #06870010
5400 LBJ Freeway, Suite 800
Dallas, TX 75240
Phone 800-947-0177
Fax #800-947-0480
ATTORNEYS FOR DEFENDANT

HERSHEWE LAW FIRM, PC
Ed Hershewe  MO Bar #27641
Daniel R. DeFoe  MO Bar # 35523
431 Virginia
Joplin, MO 64801-2399
Phone: 417-641-3790
Fax:   417-782-8482
ATTORNEYS FOR PLAINTIFF

FILED
02 JUN 25  AM 10:37
DISTRICT CLERK
AUSTIN COUNTY, TEXAS

VOL 62 PAGE 110

C:\OFFICE\DOCS\101402JF/TAYLOR

United States Courts
Southern District of Texas
FILED

OCT 2 9 2002

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 01-31223-H4-13 |
| MICHAEL PORTER HICKS, SR. and CAROLYN SUE HICKS, 105 Bartlett Road Sealy, Texas 77474 | § § § § § | CHAPTER 13 PROCEEDING |
| Debtors. | § § § | |

## CATHERINE TAYLOR INDIVIDUALLY AND AS NEXT FRIEND FOR CHARLES TAYLOR, NCM SECOND AMENDED CHAPTER 13 CLAIM

TO THE COURT:

Now comes Catherine Taylor individually and as next friend for Charles Taylor, NCM, to submit the final judgment for $28,699,753.18 as proof for the second amended claim filed July 9, 2001 as attached.

Respectfully submitted,

*(signature)*

JAMES CHARLES FOGO
State Bar No. 07207520
Fed. Adm. I.D. No. 4187
122 Tuam
Houston, Texas 77006
713-807-7744
Fax 713-807-0030
Attorney for Claimants

---

CATHERINE TAYLOR AND CHARLES TAYLOR SECOND AMENDED CHAPTER 13 CLAIM

FORM B10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT __SOUTHERN__ DISTRICT OF __TEXAS__ | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Michael Porter Hicks Sr. Carolyn Sue Hicks | Case Number: 01-31223-H4-13 | United States Courts Southern District of Texas FILED OCT 29 2002 Michael N. Milby, Clerk   C.H. |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): Catherine Taylor individually and as next of friend and guardian for Charles Taylor NCM

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
James Charles Fogo
122 Tuam 2nd floor
Houston, Texas 77006

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: 713 807-7744

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☑ supplements ☐ amends a previously filed claim, dated: July 5, 2001 / July 29, 2001

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☑ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other  Lost wages medical future medical

- ☑ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☑ Wages, salaries, and compensation (fill out below)
   Your SS #: 487  88  3178
   Unpaid compensation for services performed
   from __12-96__ to __06 2001__
         (date)           (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:** 3-26-02

**4. Total Amount of Claim at Time Case Filed:** $ $19,975,941.80 plus interest and cost for a total liquidated judgment amount of $28,699,753.10

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ TO BE DETERMINED

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 4,650
Specify the priority of the claim:
☑ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 10-15-02

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): James Fogo Attorney At Law for Catherine Taylor and Charles Taylor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

C:\OFFICE\DOCS\0725JF01/TAYLOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-31223-H4-13 |
| | § | |
| MICHAEL PORTER HICKS, SR. | § | CHAPTER 13 PROCEEDING |
| and CAROLYN SUE HICKS, | § | |
| 105 Bartlett Road | § | |
| Sealy, Texas 77474 | § | |
| Debtors. | § | |

## CATHERINE TAYLOR AND CHARLES TAYLOR
### AMENDED CHAPTER 13 CLAIM

TO THE COURT:

Now comes Catherine Taylor individually and as next friend for Charles Taylor, NCM, to submit proof for the amended claim filed July 9, 2001 as attached.

Respectfully submitted,

_____
JAMES CHARLES FOGO
122 Tuam
Houston, Texas 77006
713-807-7744
Telecopier 713-807-0030
State Bar No. 07207520
Fed. Adm. I.D. No. 4187

ATTORNEY FOR MOVANT

| B-19 (3-88) United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|
| **Southern** DISTRICT OF **Texas** **Houston Division** Name of Debtor **Michael Porter Hicks Sr. Carolyn Sue Hicks** | Bankruptcy Case No. **01-31223-H4-13** |

### A. CREDITOR INFORMATION

*(The creditor is the person or other entity to whom the debtor owes money or property)*

Name and Address of Creditor
**Charles Taylor NCM SSN-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
Catherine Taylor individually next of friend
c/o Robert Oberholtzer
2656 South Loop West, Suite 600
Houston, TX 77054**

☒ Check box if you never received any notices from the bankruptcy court in this case.
☐ Check box if this address differs from the address on the envelope sent to you by the court.
☐ Check box and attach copy of assignment if claim has been assigned to you.

THIS SPACE IS FOR COURT USE ONLY

Number by which creditor identifies debtor:

Check here if this claim   ☐ replaces
                           ☒ amends   a previously-filed claim dated: **07-0501**
                           ☐ supplements

### B. CLAIM INFORMATION

**1. BASIS FOR CLAIM:**
☐ Goods purchased
☐ Services performed
☐ Monies loaned
☐ Other forms of contract (identify)
☒ Personal injury/Wrongful death/Property damage
☒ Other (Describe briefly) **Lost wages Medical**

☒ Wages, Salaries and Commissions (fill out below)
Your social security number **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**
Unpaid services performed from **12-96** to **06-2001**
Nature of services (Describe briefly)

**2. DATE DEBT WAS INCURRED:**

**3. CLASSIFICATION OF CLAIM:** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Priority, (3) Secured. It is possible for a claim to be partly in one category and partly in another — such as wage claim which may be a priority claim for the first $2,000 and an unsecured nonpriority claim for the balance. Classify the nature of the claim by CHECKING THE APPROPRIATE BOX OR BOXES which you believe best describes the claim. STATE THE AMOUNT OF THE CLAIM. **$743,913.81 Liquidated**

☒ **UNSECURED NONPRIORITY CLAIM** $ **31,862,239.00 unliquidated**
For the purposes of this form, a claim is unsecured if there is no collateral, or to the extent the value of collateral is less than the amount of the debt.

☐ **SECURED CLAIM** $_____
Attach evidence of perfection of security
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other

☐ **PRIORITY CLAIM** $_____
Specify the priority of the claim by checking the appropriate box(es)
☐ Wages, salaries or commissions (up to $2,000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier)—11 U.S.C. §507(a)(3)
☐ Contributions to an employee benefit plan—11 U.S.C. §507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family or household use—11 U.S.C. §507(a)(6)
☐ Taxes or penalties of governmental units—11 U.S.C. §507(a)(7)
☐ Other specify:

**4. TOTAL AMOUNT OF CLAIM:** $ **743,913.81   liquidated**  +  $_____  +  $_____
                 (Unsecured)           (Secured)       (Priority)
                 **unliquidated 31,862,239.00**

= **$743,913.81 Liquidated**
**31,862,239.00 unliquidated**
(Total)

THIS SPACE IS FOR COURT USE ONLY

5. Attach copies of documents in support of this claim, such as purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

6. This form should not be used to make a claim for expenses incurred after the filing of the bankruptcy petition. Such expenses may be paid only upon proper application and notice pursuant to 11 U.S.C. §503.

7. CREDITS AND SETOFFS: Attach an itemization of all amounts and dates of payments which have been credited against the debt. Set forth any setoff or counterclaim which the debtor may have against your claim.

8. To receive an acknowledgment of the receipt of your claim, enclose a stamped, self-addressed envelope and a copy of your claim.

### C. CERTIFICATION

The undersigned certifies under penalty of perjury that the debtor named above is indebted to the claimant in the amount shown, that there is no security for the debt other than that stated above or in an attachment to this form, that no unmatured interest is included, and that the undersigned is authorized to make this claim.

Date **07-05-2001**          Sign and Print the Name and Title, if any, of the Creditor or Other Person Authorized to File this Claim (attach copy of power of attorney, if any)
                              **James Fogo Atty · 122 Tuam Hou. TX 77006**

| B-19 (1-88) United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|

Southern _____ DISTRICT OF Texas
Houston Division

**Name of Debtor** Michael Porter Hicks Sr.
Carolyn Sue Hicks

**Bankruptcy Case No.** 01-31223-H4-13

## A. CREDITOR INFORMATION

*(The creditor is the person or other entity to whom the debtor owes money or property)*

**Name and Address of Creditor**
Charles Taylor NCM SSN 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
Catherine Taylor individually next of kin
c/o Robert Oberholtzer
2656 South Loop West Suite 600
Houston, Texas 77054

☑ Check box if you never received any notices from the bankruptcy court in this case.
☐ Check box if this address differs from the address on the envelope sent to you by the court.
☐ Check box and attach copy of assignment if claim has been assigned to you.

THIS SPACE IS FOR COURT USE ONLY

**Number by which creditor identifies debtor:**

Check here if this claim ☐ replaces ☐ amends a previously-filed claim dated: \_\_\_\_\_ ☐ supplements

## B. CLAIM INFORMATION

**1. BASIS FOR CLAIM:**
☐ Goods purchased
☐ Services performed
☐ Monies loaned
☐ Other forms of contract (Identify)
☑ Personal injury/Wrongful death/Property damage
☑ Other (Describe briefly) Lost Wages Medical

☑ Wages, Salaries and Commissions (Fill out below)
Your social security number 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
Unpaid services performed from 12-96 to 6-30-01
Nature of services (Describe briefly) Labor
Charles Taylor

**2. DATE DEBT WAS INCURRED:** Dec. 2, 1996 and each month thereafter

**3. CLASSIFICATION OF CLAIM:** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Priority, (3) Secured. It is possible for a claim to be partly in one category and partly in another—such as wage claim which may be a priority claim for the first $2,000 and an unsecured nonpriority claim for the balance. Classify the nature of the claim by CHECKING THE APPROPRIATE BOX OR BOXES which you believe best describes the claim. STATE THE AMOUNT OF THE CLAIM. $742,438.97 Liquidated

☑ UNSECURED NONPRIORITY CLAIM $ 28,500,000 Unliquidated
For the purposes of this form, a claim is unsecured if there is no collateral, or to the extent the value of collateral is less than the amount of the debt.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other

PRIORITY CLAIM $ _____
Specify the priority of the claim by checking the appropriate box(es)
☐ Wages, salaries or commissions (up to $2000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier)—11 U.S.C. §507(a)(3)
☐ Contributions to an employee benefit plan—11 U.S.C. §507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family or household use—11 U.S.C. §507(a)(6)
☐ Taxes or penalties of governmental units—11 U.S.C. §507(a)(7)
☐ Other specify:

**4. TOTAL AMOUNT OF CLAIM:** $ 742,438.97 liquidated + $ _____ + $ _____ = $ 742,438.97 (Total) liquidated
(Unsecured) $28,500,000 (Secured) (Priority) $28,500,000 unliquidated
unliquidated

THIS SPACE IS FOR COURT USE ONLY

5. Attach copies of documents in support of this claim, such as purchase orders, invoices, itemized statements of running accounts, contracts, court judgments; or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

6. This form should not be used to make a claim for expenses incurred after the filing of the bankruptcy petition. Such expenses may be paid only upon proper application and notice pursuant to 11 U.S.C. §503.

7. CREDITS AND SETOFFS: Attach an itemization of all amounts and dates of payments which have been credited against the debt. Set forth any setoff or counterclaim which the debtor may have against your claim.

8. To receive an acknowledgment of the receipt of your claim, enclose a stamped, self-addressed envelope and a copy of your claim.

## C. CERTIFICATION

The undersigned certifies under penalty of perjury that the debtor named above is indebted to the claimant in the amount shown, that there is no security for the debt other than that stated above or in an attachment to this form, that no unmatured interest is included, and that the undersigned is authorized to make this claim.

## Charles Taylor
### Detail of Liquidated Damages

| Date | Provider | Amount |
|---|---|---|
| 12/02/1996 | Otolaryngology | 135.00 |
| 12/04/1996 | Surgery | 128.00 |
| 12/11/1996 | Surgery | 1,860.00 |
| 12/14/1997 | Radiology | 305.60 |
| 12/09/1997 | Radiology | 594.60 |
| December 1996 | Radiology | 357.25 |
| December 1996 | Mo Rehabilitation | 1,100.00 |
| 12/02/1996 | Hermann Hospital | 549.25 |
| 12/02/1996 | Hermann Hospital | 5,972.22 |
| 12/03/1996 | GAB Robins Inl & Rehabilitation M | 1,686.59 |
| 12/23/1996 | Internal Medicine | 125.00 |
| 12/03/1996 | Anesthesiology | 2,176.00 |
| 12/09/1996 | Anesthesiology | 1,766.00 |
| 12/11/1996 | Surgery | 681.00 |
| 12/28/1996 | Radiology | 180.00 |
| 12/20/1996 | Radiology | 27.00 |
| 12/04/1996 | Radiology | 54.00 |
| January 1997 | MO Rehabilitation Center | 26,390.99 |
| 12/19/1996 | GAB Robins Inj. & Rehabilitation M | 1,963.55 |
| 12/02/1996 | Orthopaedic Surgeons | 3,212.00 |
| 12/02/1996 | Anesthesiology | 3,332.00 |
| 12/16/1996 | Anesthesiology | 2,924.00 |
| 12/23/1996 | Anesthesiology | 644.00 |
| 12/02/1997 | Radiology | 515.00 |
| 12/02/1997 | Radiology | 461.00 |
| 01/03/1997 | GAB Robins Inj. & Rehabilitation M | 2,076.59 |
| 03/13/1997 | GAB Robins Inj. & Rehabilitation M | 936.96 |
| 03/07/1997 | GAB Robins Inj.& Rehabilitation M | 820.53 |
| February 1997 | MO Rehabilitation Center | 15,400.00 |
| March 19997 | MO Rehabilitation Center | 17,050.00 |
| April 1997 | MO Rehabilitation Center | 16,500.00 |
| 04/04/1997 | GAB Robins Inj. & Rehabilitation M | 797.42 |
| 12/20/1997 | Ameristat | 6,517.00 |
| 12/02/1996 | Austin Co. EMS | 1,427.50 |

| Date | Provider | Amount |
|---|---|---|
| 12/03/1996 | Hermann Univ. Eye Associates | 522.00 |
| 12/13/1996 | Internal Medicine | 23.00 |
| May 1997 | MO Rehabilitation Center | 21,060.45 |
| June 1997 | MO Rehabilitation Center | 16,500.00 |
| 06/27/1997 | GAB Robins Inj. & Rehabilitation M | 1,336.35 |
| 07/21/1997 | The Mobility Store | 3,211.70 |
| 05/15/1997 | Vision Enhancement Clinic | 304.00 |
| August 1997 | MO Rehabilitation Center | 9,350.00 |
| August 1997 | MO Rehabilitation Center | 4,200.00 |
| September 1997 | MO Rehabilitation Center | 900.00 |
| June 1997 | MO Rehabilitation center | 3,300.00 |
| August 1997 | MO Rehabilitation Center | 1,870.00 |
| August 1997 | MO Rehabilitation Center | 840.00 |
| 12/01/1997 | Lindsey Morden Claim Service | 134.12 |
| September 1997 | MO Rehabilitation Center | 9,000.00 |
| July 1997 | MO Rehabilitation Center | 17,050.00 |
| October 1997 | MO Rehabilitation Center | 9,300.00 |
| November 1997 | MO Rehabilitation Center | 8,280.00 |
| December 1996 | Hermann Hospital | 255,133.86 |
| December 1996 | Hermann Hospital | 80,248.42 |
| January 1998 | Vision Enhancement Clinic | 122.00 |
| January 1998 | Vision Enhancement Clinic | 122.00 |
| 01/23/1998 | Med Supplies | 70.12 |
| 01/23/1998 | Med Supplies | 180.50 |
| 01/30/1998 | Med Supplies | 17.75 |
| 01/30/1998 | Drugs Charged | 1,049.94 |
| 02/01/1998 | 28 days RBN | 4,200.00 |
| 02/28/1998 | Med Supplies | 18.22 |
| 03/01/1998 | 28 Days RBN | 4,650.00 |
| 03/04/1998 | Beauty Shop | 5.00 |
| 03/30/1998 | Med Supplies | 126.00 |
| 04/01/1998 | 30 Days RBN | 4,500.00 |
| 04/30/1998 | Med Supplies | 7.59 |
| 06/01/1998 | 32 Days RBN | 300.00 |
| 05/12/1998 | 20 days RBN | 1,740.00 |

| Date | Provider | Amount |
|---|---|---|
| 06/01/1998 | 30 Days RBN | 2,610.00 |
| 06/30/1998 | Med Supplies | 21.02 |
| 07/01/1998 | 31 Days RBN | 3,007.00 |
| 07/15/1998 | Med Supplies | 704.65 |
| 07/31/1998 | Med Supplies | 4.26 |
| 08/01/1998 | 31 Days RBN | 3,007.00 |
| 08/01/1998 | 31 Days RBN | 3,100.00 |
| 09/01/1998 | 30 Days RBN | 3,000.00 |
| 09/16/1998-09/30/1998 | Semi-Private Room | 1,170.00 |
| 10/01/1998-10/31/1998 | Semi-Private Room | 2,418.00 |
| 10/03/1998 | Trach and Supplies | 3.12 |
| 10/10/1998 | Surgical Dressing | 6.20 |
| 10/21/1998 | Catheter and Supplies | 177.12 |
| 10/29/1998 | Tube Feeding | 14.64 |
| 10/29/1998 | Miscellaneous Supplies | 2.34 |
| 11/01/1998-11/30/1998 | Semi-Private Room | 722.36 |
| 11/03/1998 | Tube Feeding | 33.97 |
| 11/13/1998 | Catheter and Supplies | 36.72 |
| 11/17/1998 | Miscellaneous Supplies | 23.40 |
| 12/01/1998-12/31/1998 | Carthage Health and Rehabilitation | 722.36 |
| 01/01/1999-01/31/1999 | Carthage Health and Rehabilitation | 734.36 |
| MEDICAL | | 599,261.81 |
| Lost Wages | | |
| December 1996 | | 2,142.00 |
| 1997 | | 30,436.00 |
| 1998 | | 31,349.00 |
| 1999 | | 32,290.00 |
| 2000 | | 32,290.00 |
| January to June 2001 | | 16,145.00 |
| Lost Wages | | 144,652.00 |
| Total Medical & Lost Wages | | 743,913.81 |

## Charles Taylor
## Outline of Unliquidated Damages

| | |
|---|---:|
| Future Loss of Earning Capacity (Present Value) | 1,213,347.00 |
| Future Medical Expenses (Life Care Plan) (Present Value) | 20,648,892.00 |
| Pain, Suffering, Physical Impairment, Loss of Enjoyment of Life (Estimated) | 10,000,000.00 |
| Total Unliquidated Damages | 31,862,239.00 |

C:\OFFICE\DOCS\0725JF01/TAYLOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-31223-H4-13 |
| | § | |
| MICHAEL PORTER HICKS, SR. | § | CHAPTER 13 PROCEEDING |
| and CAROLYN SUE HICKS, | § | |
| 105 Bartlett Road | § | |
| Sealy, Texas 77474 | § | |
| Debtors. | § | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Catherine Taylor and Charles Taylor Amended Chapter 13 Claim was served by United States Mail, Postage Pre-Paid as follows:

DATE OF SERVICE:

___7-27-01___

_____
JAMES CHARLES FOGO

TO:  United States Trustee
     515 Rusk Avenue, Suite 3516
     Houston, Texas 77002

     William Heitkamp
     Chapter 13 Trustee
     9821 Katy Freeway, Suite 590
     Houston, Texas 77024

Fax 713-465-4643
Michael Porter Hicks, Sr.
Carolyn Hicks
c/o George O. Mejlaender, Attorney
P.O. Box 801261
Houston, Texas 77280-1261

C:\OFFICE\DOCS\101402JF\TAYLOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 01-31223-H4-13 |
| MICHAEL PORTER HICKS, SR. and CAROLYN SUE HICKS, 105 Bartlett Road Sealy, Texas 77474 | § § § § § § | CHAPTER 13 PROCEEDING |
| Debtors. | § § | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Catherine Taylor and Charles Taylor Second Amended Chapter 13 Claim was served by United States Mail, Postage Pre-Paid as follows:

DATE OF SERVICE:
_10-25-02_

_James Charles Fogo_
JAMES CHARLES FOGO

TO:   United States Trustee
      515 Rusk Avenue, Suite 3516
      Houston, Texas 77002

      William Heitkamp
      Chapter 13 Trustee
      9821 Katy Freeway, Suite 590
      Houston, Texas 77024

      Catherine Taylor, individually
      as Next Friend For Charles
      Taylor, NCM
      Ed Hershewe
      Hershewe Law Firm, P.C.
      431 Virginia
      Joplin, Missouri 64801-2399

Fax 713-465-4643
Michael Porter Hicks, Sr.
Carolyn Hicks
c/o George O. Mejlaender,
P.O. Box 801261
Houston, Texas 77280-1261

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 01-31223-H4-13 |
| MICHAEL PORTER HICKS, SR. § | |
| and CAROLYN SUE HICKS, § | CHAPTER 13 PROCEEDING |
| 105 Bartlett Road § | |
| Sealy, Texas 77474 § | |
| § | |
| § | |
| Debtors. § | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Catherine Taylor and Charles Taylor Third Amended Chapter 13 Claim was served by United States Mail, Postage Pre-Paid as follows:

DATE OF SERVICE:                             _James Charles Fogo_
   5-8-03                                    JAMES CHARLES FOGO

TO:   United States Trustee               Fax 713-465-4643
      515 Rusk Avenue, Suite 3516         Michael Porter Hicks, Sr.
      Houston, Texas 77002                Carolyn Hicks
                                          c/o George O. Mejlaender,
                                          Attorney at Law
      William Heitkamp                    P.O. Box 801261
      Chapter 13 Trustee                  Houston, Texas 77280-1261
      9821 Katy Freeway, Suite 590
      Houston, Texas 77024

      Catherine Taylor, individually
      as Next Friend For Charles
      Taylor, NCM
      Ed Hershewe
      Hershewe Law Firm, P.C.
      431 Virginia
      Joplin, Missouri 64801-2399

CATHERINE TAYLOR AND CHARLES TAYLOR THIRD AMENDED CHAPTER 13 CLAIM